```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Peter Wenk, et al.,            :

     Plaintiffs,           :

  v.                           :         Case No.  2:12-cv-474

Edward O'Reilly, et al.,       :         JUDGE ALGENON L. MARBLEY
                                                 Magistrate Judge Kemp
     Defendants.           :

OPINION AND ORDER

    Plaintiffs Peter and Robin Wenk, the parents of a student enrolled in the Grandview Heights City Schools, filed this action following an investigation of them by Franklin County Children's Services and the Grandview Heights Police Department.  They allege that school officials falsely reported child abuse to those agencies after the Wenks had met several times with school officials and expressed concerns (and dissatisfaction) about the educational and social planning for their child.

    On August 17, 2012 and August 20, 2012, respectively, non-parties Franklin County Children's Services Board and the City of Grandview Heights filed motions to quash subpoenas served on them by the Wenks' counsel.  Through the subpoenas, the Wenks seek the records of the two investigations, and particularly documents which would show who initiated the complaints against them and what information was given either to Children's Services or the police.  Supplemental, responsive, and reply memoranda have now been filed, and the two motions are ready to decide.  For the following reasons, the Court will order an *in camera* inspection of the documents at issue.

I.

    The legal issue presented by the motions to quash is not

difficult to describe.  Both of the movants have records which may well show who reported the Wenks as suspected child abusers. Under Ohio law, such records are confidential.  See Ohio Rev. Code §2151.421(H)(1)("Except as provided in divisions (H)(4) and (N) of this section, a report made under this section is confidential").  The same statute states, in subsection (H)(2), that "[n]o person shall permit or encourage the unauthorized dissemination of the contents of any report made under this section").  A violation of that latter subsection is a misdemeanor offense under Rev. Code §2151.99(A)(1).  The movants argue that this Court should honor the statutory confidentiality which attaches to their records and should not require them to produce any reports made to them either by the defendants or anyone else.  They also argue that the records are irrelevant, or that the Wenks can get the same information elsewhere (and that they should do so).  For their part, the Wenks claim that the records are critical evidence of which defendants actually retaliated against them and what they said, and that there is no federal privilege which prevents them from obtaining this information through the discovery process.

II.

When dealing with a similar state statute which creates a privacy interest in certain records, this Court stated that:

> To the extent that this statute may create a state law privilege for certain student information, such a privilege would not be binding on this Court under Fed.R.Evid. 501. In federal cases dealing with a federal question, Rule 501 states that privilege "shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Hancock v. Dodson, 958 F.2d 1367, 1373 (6th Cir.1992); see also Nilavar v. Mercy Health System–Western Ohio, 210 F.R.D. 597 (S.D. Ohio 2002). Further, the existence of pendent state law claims does not relieve the Court of "[the] obligation to apply the federal law of privilege." Id.

Smith v. Southwest Licking School Dist. Bd. of Educ., 2010 WL 3910487, *3 (S.D. Ohio Oct. 1, 2010). Although the movants cite to a number of cases in their memoranda which address the confidentiality of such records in connection with proceedings in the Ohio courts, they have not cited to any decisions which have recognized a federally-based privilege for such records.  The one federal decision they do cite, Hupp v. Switzerland of Ohio Local Sch. Dist., Case No. 2:07-cv-628 (S.D. Ohio June 3, 2008)(King, M.J.), recognized both that such information is relevant to a claim of retaliation brought against school officials under 42 U.S.C. §1983 - the same claim which the Wenks have made in this case - and that the "plaintiffs' interest in the information sought by the subpoena outweighs the confidentiality considerations addressed by O.R.C. §§5153.17 and 2151.421(H)(1)." Hupp, slip op. at 6.  This Court agrees with Magistrate Judge King that, to the extent that a balancing test is necessary, the balance of interests weighs in favor of discovery given the clear relevance of such information to a First Amendment retaliation claim.

 This conclusion does not, of course, completely resolve the issues created by the Wenks' request.  In Hupp, Magistrate Judge King ordered the records produced for an *in camera* inspection, noting that "[i]f it appears to the Court that the abuse complaint was initiated by an agent of the defendant school district, the Court will direct the disclosure of the documents to plaintiffs on terms calculated to preserve the Agency's -- and the public's -- confidentiality concerns." Id.  That seems a reasonable procedure.  Although the Court does not generally favor *in camera* reviews, the number of documents at issue appears relatively small, and the Court has a good feel for what the Wenks are looking for in the documents.  To insure that the Court

-3-

is completely advised on that matter, however, it will also direct the Wenks to submit a list of names of persons who are suspected of having made the allegedly false reports as well as a list of other school officials who were involved in the discussions about their child's educational and social programming during the time in question.  If the Court is unable to determine, from that list and the records, whether any complaining parties were affiliated with the Grandview City School District, the Court reserves the right to request additional information to assist with its review of the records.

III.

For these reasons, the motions to quash (#s 19 and 20) are granted in part and denied in part.  Within seven days, the documents requested by the subpoenas shall be produced for the Court's *in camera* inspection.  At the same time, plaintiffs shall provide the Court with the information described above.  Before the Court orders the disclosure of any of the information submitted for *in camera* review, it will confer with counsel to address any additional restrictions which might be appropriate with respect to the use or further dissemination of the documents at issue or the information they contain.

IV.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge