```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Peter Wenk, et al.,            :

        Plaintiffs,    :    Case No.  2:12-cv-474

  v.                           :    JUDGE ALGENON MARBLEY
                                            Magistrate Judge Kemp
Edward O'Reilly, et al.,       :

        Defendants     :

## OPINION AND ORDER

Plaintiffs Peter and Robin Wenk, parents of a student enrolled in the Grandview Heights City Schools, filed this action following an investigation by Franklin County Children's Services ("FCCS") and the Grandview Heights Police Department ("GHPD"). Plaintiffs allege that school officials falsely reported child abuse to those agencies after the Wenks had met several times with school officials and expressed dissatisfaction with the education and social planning for their child.  On August 7, 2012, Plaintiffs served FCCS and GHPD with subpoenas *duces tecum* for documents related to the report and investigation of those abuse allegations (ECF Nos. 18 and 20-2).  FCCS and GHPD filed Motions to Quash the Subpoenas (ECF Nos. 19 and 20).  This Court ordered the documents produced for an *in camera* inspection to determine if they contained information suggesting that someone affiliated with the Grandview City School District made a report to FCCS or GHPD (ECF No. 29).  At the First Pretrial Conference, held on September 25, 2012, this Court encouraged the parties to negotiate an Agreed Protective Order that would apply to the disputed documents and related information.  The parties negotiated an Agreed Protective Order which was approved by this Court on October 4, 2012 (ECF No. 36).  Subsequently, this Court

ordered that the disputed documents were discoverable subject to the Agreed Protective Order for the reasons articulated in the order granting in camera inspection (ECF No. 37, citing ECF No. 29). This Court also authorized a Supplemental Agreed Protective Order which covered additional disputed documents and deposition testimony (ECF No. 38). The terms of the Agreed Protective Order allow any party or non-party to apply to this Court for relief from the terms of the Order (p. 10, ECF No. 37).

On December 26, 2012, Plaintiffs filed a Motion for Order Dissolving Protective Orders (ECF No. 50). A response was filed (ECF No. 52), and Plaintiffs withdrew their motion (ECF No. 54). On January 24, 2013, Plaintiffs filed an Amended Sealed Motion for Order Dissolving Protective Orders (ECF No. 57). Responsive and reply memoranda have been filed (ECF Nos. s 66-68, 71), and the Motion is ready to be decided. For the following reasons, this Court will order that Plaintiffs' motion be **DENIED**.

I.

Rule 26(c) of the Federal Rules of Civil Procedure permits courts to issue protective orders for good cause. As indicated above, the parties agreed to certain filing procedures related to the FCCS and GHPD documents, including that these documents would be filed under seal. This Court concluded that there was good cause for the protective order in light of the public's interest in the confidentiality of child abuse reporting documents, and this Court entered the Protective Order (ECF No. 36).

Plaintiffs make two legal arguments in their renewed Motion for Order Dissolving Protective Orders (ECF No. 50). First, Plaintiffs argue that when documents filed under seal are referenced in dispositive motions, they lose their confidential character. The cases Plaintiffs cite on this issue do not involve allegations of child abuse or confidential child abuse reporting documents. Phillips v. General Motors Corporation, 307

F. 3d 1206 (9th Cir. 2002)(involving the disclosure of confidential settlement documents which a newspaper moved to have released); <u>Foltz v. State Farm Automobile Ins. Co.</u>, 331 F.3d 1122 (9th Cir. 2002)(involving sealed documents in an insurance fraud claim); <u>United States v. El-Sayegh</u>, 131 F.3d 158 (D.C. Cir. 1997)(involving a criminal plea agreement).  However, even if the documents here would lose their confidential character once referenced in a dispositive motion, Plaintiffs fail to cite where in the docket these confidential documents have been referred to or filed in a dispositive motion.  Plaintiffs also argue that Defendant Schott's deposition reveals confidential information and will likely be used at trial, but that argument, if meritorious, is premature.

    Second, Plaintiffs argue that since they have waived confidentiality in the FCCS and GHPD documents, the only person who could benefit from the confidentiality of those documents is Defendant Schott.  The Plaintiffs cite Defendant Schott's deposition (ECF No. 46) to argue that since Ms. Schott already publicized the information in the report, there is no interest left to protect.  Plaintiffs also point to the fact that the information contained in the report is largely the same as the information in the "secret dossier of allegations" kept by teacher Karla Hayes, *see* Plaintiffs' Exhibit #4, which Defendants never asserted should remain confidential.

    Plaintiffs have cited to no authority for the proposition that confidentiality can be waived in the same way that privilege can.  However, even with respect to privilege, not every disclosure constitutes a waiver.  Here, the confidentiality interest in the official report does not belong solely to the Plaintiffs and Defendants.  The public and the agencies involved, here FCCS and GHPD, also have an interest in maintaining the confidentiality of official records concerning child abuse.  <u>Hupp</u>

v. Switzerland of Ohio Local Sch. Dist., Case No. 2:07-cv-628, 2008 WL 2323783, *2 (S.D. Ohio June 3, 2008)(citing Pennsylvania v. Ritchie, 480 U.S. 29, 61 n.17 (1987)).

Furthermore, to the extent that Plaintiffs seek to show that the information is not, in fact, confidential because it has been disseminated, they have not met their burden to do so. Plaintiffs fail to indicate what part of Defendant Schott's deposition her testimony shows that she actually disseminated the report itself. Even if she discussed its contents, or the fact that she made a report, she did not destroy the confidentiality interest in the report. Child abuse reports should be protected to the extent practicable from public dissemination so members of the public feel safe in making those reports. Citizens may feel less inclined to make child abuse reports if they are publicized through the discovery process. Pennsylvania v. Ritchie, 480 U.S. 29 (1987). Lastly, it is irrelevant that the allegations contained in Plaintiffs Exhibit 4 are largely the same as in the FCCS and GHPD report. Plaintiffs' Exhibit #4 was created before the report was made. While the official report may share some of its content, Plaintiffs have failed to show how this bears on whether the report itself has remained confidential.

For the foregoing reasons, Plaintiffs' Motion for Order Dissolving Protective Orders is **DENIED**.

## II.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3,pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.

The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

                                              /s/ Terence P. Kemp
                                              United States Magistrate Judge