IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PETER WENK, *et al.* | : | |
| | : | Case No. 2:12-CV-00474 |
| Plaintiffs, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | |
| EDWARD O'REILLY, *et al.* | : | Magistrate Judge Kemp |
| | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on the Notice of Petition for a Writ of Certiorari and Motion of Defendant Nancy Schott, PH.D. for a Stay of Proceedings, (Doc. 156) (hereinafter, "Motion for Stay"). Defendant Schott also twice has moved this Court to schedule a telephone conference to discuss her petition for a writ of certiorari and related motion to stay the case. (*Motion to Schedule a Telephone Conference*, Doc. 152; *Renewed Motion to Schedule a Telephone Conference*, Doc. 163).

For the following reasons, Defendant Schott's Motion for Stay (Doc. 156) is **DENIED.** Defendant Schott's motions requesting a telephone conference (Doc. 152, 163) also are **DENIED.**

### I. BRIEF BACKGROUND

Plaintiffs commenced this action on June 4, 2012, alleging First Amendment retaliation and violations of substantive Due Process against O'Reilly, Schott, and Dawn Sayre. (Doc. 1). On July 9, 2012, Defendants filed a Motion to Dismiss (Doc. 9), but on December 14, 2012, Plaintiffs moved to amend their complaint (Doc. 44). In their First Amended Complaint, Plaintiffs added Sidon and Hayes as Defendants, and alleged a claim for conspiracy pursuant to

1

42 U.S.C. § 1983, while omitting their substantive Due Process claim.  (Doc. 44-1).  Defendants again moved to dismiss, on February 11, 2013 (Doc. 63), which this Court denied on September 13, 2013 (Doc. 96).  During that time, Plaintiffs voluntarily dismissed with prejudice their claims against Defendants Sidon, Hayes, and Sayre; thereafter, only O'Reilly and Schott remained. (Doc. 89, 93).

On July 9, 2013, Plaintiff Peter Wenk filed under seal his Motion for Partial Summary Judgment.  (Doc. 88).  Defendants responded, and moved for summary judgment in their favor on all counts, as to both Peter and Robin Wenk.  (Doc. 102).  The matter was fully briefed (*see* Doc. 111, 113) and oral argument on the Motions was held March 10, 2014.

After briefing and oral argument, this Court denied both parties summary judgment as to the First Amendment retaliation claim against Schott, and granted in part and denied in part the parties' summary judgment motions with regard to O'Reilly.  This Court also denied Schott and O'Reilly summary judgment on the basis of qualified immunity.  Schott filed a timely appeal to the Sixth Circuit.  On June 9, 2014, this Court dismissed O'Reilly with prejudice as a defendant after the parties advised the Court that "the claims against him have been resolved."  (*Order Dismissing Def.*, Doc. 142).

On April 15, 2015, the Sixth Circuit held that when viewing the facts in the light most favorable to the Wenks, the Wenks established a violation of their First Amendment rights. Specifically, the Sixth Circuit found that "[t]he Wenks have established a prima facia case of First Amendment retaliation, and Schott has not demonstrated that no reasonable juror could fail to find that she would have called FCCS absent the Wenks' protected conduct."  *Wenk v. O'Reilly*, 783 F.3d 585, 598 (6th Cir. 2015).  Further, the Circuit determined that Schott was not entitled to qualified immunity because "the Wenks' right to be free from retaliation for

2

exercising their First Amendment rights was clearly established at the time of this case, and that a reasonable official in Schott's position would have understood that filing a child abuse report in bad faith violated the Wenks' rights." *Id*. at 600.  The Sixth Circuit therefore affirmed this Court's ruling on Schott's summary judgment motion and remanded the case to this Court for trial.

On July 13, 2015, Defendant Schott filed a Petition for a Writ of Certiorari to the Supreme Court of the United States.  (*See* Doc. 156-1).  Also on July 13, 2015, Defendant Schott filed this Motion to Stay, moving this Court to stay the proceedings pending disposition of their petition for certiorari.  Defendant Schott's petition for certiorari was docketed on July 14, 2015. Plaintiffs filed a motion with this Court opposing Defendant's request for stay of the proceedings. (Doc. 159).  Thereafter, Defendant Schott filed a reply to Plaintiffs' memorandum in opposition. (Doc. 161).  This matter is ripe for decision.

## II.    LAW & ANALYSIS

Defendant Schott filed a petition for certiorari with the Supreme Court on July 13, 2015 appealing the Sixth Circuit's decision in *Wenk v. O'Reilly*, 783 F.3d 585 (6th Cir. 2015). Defendant's petition for certiorari presents three questions for review:

1. Does the decision of the United States Court of Appeals for the Sixth Circuit, which subjects mandatory reporters of child abuse and neglect to liability under the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983") for reporting suspected abuse or neglect when the alleged abuser engages in a constitutionally protected activity – even when (1) there is a reasonable basis to suspect abuse and (2) the report is not materially false – impermissibly chill child abuse reporting across the nation?

2. Can a First Amendment retaliation claim be maintained under Section 1983 against a statutorily mandated reporter of known or suspected child abuse when there is evidence in the record that would support a reasonable basis to suspect abuse and the report is not materially false?

    3. Is a statutorily mandated reporter of known or suspected child abuse entitled to qualified immunity from liability under Section 1983 when there is evidence in the record to support a reasonable basis to suspect abuse and the report is not materially false?

(Doc. 156-1 at 2-3).

Defendant Schott now argues that this Court should grant a stay of the trial pending disposition of their petition for certiorari. She asserts that her question on qualified immunity presents "a substantial question for certiorari review" and that certiorari likely will be granted because the Supreme Court often accepts, and reverses courts of appeals, on questions related to the doctrine of qualified immunity. (Doc. 156 at 5; Doc. 161 at 2-3). Further, she maintains that she will suffer irreparable harm if "forced to proceed to trial" while she seeks further judicial review of the qualified immunity issue. (Doc. 156 at 1, 5). Defendant also argues that a stay will not substantially harm other parties' interest in the proceeding and that the public interest favors a stay. (*Id*. at 6).

In opposition, Plaintiffs argue that: (1) Defendant's petition is unlikely to be granted; (2) Defendant has not shown a significant likelihood of reversal if the petition was granted; (3) there is no likelihood of harm to Defendant from the denial of her Motion for Stay; and (4) a stay, if granted, would harm Plaintiffs, who filed this case over three years ago.

Whether to enter a stay ordinarily rests with the sound discretion of the district court. *United States v. Mandycz,* 321 F.Supp.2d 862, 864 (E.D.Mich. 2004) (quoting *Ohio Envtl. Council v. United States Dist. Ct., S.D. Ohio*, 565 F.2d 393, 396 (6th Cir. 1977)). A litigant requesting a stay must demonstrate: "(1) a reasonable probability that four Justices would vote to grant certiorari; (2) a significant possibility that the Court would reverse the judgment below; and (3) a likelihood of irreparable harm, assuming the correctness of the applicant's position, if the judgment is not stayed." *Packwood v. Senate Select Comm. on Ethics,* 510 U.S. 1319, 1319,

4

114 S.Ct. 1036, 127 L.Ed.2d 530 (1994).  Even if the litigant demonstrates all three of these conditions, a stay may still be denied when the equities do not weigh in favor of the stay. *Barnes v. E–Systems, Inc. Group Medical & Surgical Ins. Plan,* 501 U.S. 1301, 1305, 112 S.Ct. 1, 115 L.Ed.2d 1087 (1991).  It is necessary to balance the equities—to explore the relative harms to applicant and respondent, as well as the interests of the public at large.  *Id.* (internal quotations omitted).

     Even if the Court accepts as true that the Supreme Court would vote to grant certiorari and that it would reverse the Sixth Circuit, which the Court is not convinced of here, the likelihood of irreparable harm to Defendant Schott if the Court were to deny the stay is outweighed by the harm to Plaintiffs if the Court were to grant the stay.  Defendant claims that the burden from cost of trial, which would be rendered unnecessary if the Supreme Court were to ultimately rule in its favor, would cause them irreparable harm.  The trial, however, is already scheduled and pre-trial preparations have already been, or are in the process of being, completed (e.g. discovery, motions in limine, proposed jury instructions, etc.).  The additional cost to Defendant will not be burdensome and, importantly, does not constitute the type of irreparable harm that stays are aimed at preventing.  *Baker v. Adams County/Ohio Valley Sch. Bd.,* 310 F.3d 927, 930 (6th Cir.2002) (" 'Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.' ") (quoting *Sampson v. Murray,* 415 U.S. 61, 90, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974)).

     Plaintiffs, on the other hand, have already suffered greatly from the delay in obtaining relief.  This case was filed more than three years ago.  In addition, it has been over a year since this Court denied Defendant's summary judgment motion, and Defendants' appeal to the Sixth

5

Circuit has already postponed a final adjudication of this action for over a year.  The Court therefore concludes that the balance of the equities weigh against Defendant's request.

### III.    CONCLUSION

For the foregoing reasons, the Court in its discretion therefore **DENIES** the Defendants' Motion for a Stay (Doc. 156).  Because the Court is denying Defendant's motion, which was the stated purpose for her motions requesting a telephone conference, both of those motions (*Motion to Schedule a Telephone Conference*, Doc. 152; *Renewed Motion to Schedule a Telephone Conference*, Doc. 163) likewise are **DENIED**.

**IT IS SO ORDERED.**

                                                  s/ Algenon L. Marbley
                                                 **ALGENON L. MARBLEY**
                                                 **United States District Judge**

**DATED:  August 18, 2015**